# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 16, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| MICHAEL ROSSO, as parent and natural guardian of E.R., a minor, | * * * | |
| Petitioner, | * * | No. 21-2107V |
| v. | * * | Special Master Gowen |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Laura Levenberg*, Muller Brazil, LLP, Dresher, PA, for Petitioner.
*Mark Kim Hellie*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 25, 2024, Michael Rosso, as parent and natural guardian of E.R., ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 47). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$39,501.44.**

### I. Procedural History

On May 12, 2021, Michael Rosso, as parent and natural guardian of E.R., ("petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that the measles, mumps, and rubella ("MMR") and the varicella vaccines that E.R. received on July 29, 2020, caused her to develop immune thrombocytopenia

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

purpura ("ITP"). *Id*. On August 29, 2024, the parties filed a joint stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 42).

On October 25, 2024, petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation in the total amount of $39,501.44, representing $27,664.70 in attorneys' fees and $11,836.74 in costs. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants he has not personally incurred any costs in pursuit of his claim. *Id*. at 2. Respondent did not file a response.

The matter is now ripe for adjudication.

## II.   Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.   Attorneys' Fees

Petitioner requests the following hourly rates for the work of his counsel at Muller Brazil: for Ms. Laura Levenberg: $275.00 per hour for work performed in 2021, $350.00 per hour for work performed in 2022, $375.00 per hour for work performed in 2023, and $400.00 per hour for work performed in 2024; for Mr. Max Muller, $375.00 per hour for work performed in 2021; and for Ms. Leah Finfer, $375.00 per hour for work performed in 2023. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $27,664.70.

### b.   Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $11,836.74. This amount is comprised of acquiring medical

records, postage, the Court's filing fee, and expert services provided by Abhimanyu Ghose, MD. Fees App. Ex. B. Dr. Ghose billed for 19.75 hours at $550.00 per hour totaling $10,862.50. I find that the overall amount requested for Dr. Ghose's work in this case is reasonable, and I will award it in full.[3] Petitioner has provided adequate documentation supporting the remainder of the costs. Petitioner is therefore awarded the full amount of costs sought.

### III. Conclusion

In accordance with the foregoing, I hereby **GRANT** Petitioner's motion for attorneys' fees and costs and find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $27,664.70 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$27,664.70** |
| | |
| Attorneys' Costs Requested | $11,836.74 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$11,836.74** |
| | |
| **Total Attorneys' Fees and Costs** | **$39,501.44** |

**Accordingly, I award a lump sum in the amount of $39,501.44 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] I do not make any finding regarding the reasonableness of Dr. Ghose's rate at this time.

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).